**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

Plaintiff

v.

Raul Lopez,

Defendant

Case No. 2:17-cr-00288-JAD-NJK

**Order Granting Emergency Appeal of Magistrate Judge's Preliminary Hearing Ruling and Motion to Dismiss and Denying as Moot Motion for Jury Trial**

[ECF Nos. 67, 71]

Raul Lopez is serving a three-year term of supervised release as part of his sentence for a 2018 felon-in-possession-of-a-firearm conviction. Lopez has attracted several domestic-violence accusations since his release from prison, and when he was arrested on a state warrant for domestic battery and assault charges just before Thanksgiving, Lopez's probation officer initiated supervised-release revocation proceedings for his alleged violation of the condition that prohibits him from committing new crimes.[1] The magistrate judge conducted a preliminary hearing under Federal Rule of Criminal Procedure 32.1(b)(1)(A), found probable cause that Lopez committed the violation, and ordered him detained pending the revocation hearing.

Lopez appeals that probable-cause determination, arguing that the thin, double-hearsay-laden record fails to support the magistrate judge's ruling.[2] He also moves for a jury trial on the revocation petition.[3] Because it appears that this court has jurisdiction to review the magistrate judge's probable-cause finding under its plenary powers recognized by the Ninth Circuit, and the

---

[1] ECF No. 56 (revocation petition).

[2] ECF No. 67 (emergency appeal).

[3] ECF No. 71 (motion for jury trial on petition).

record fails to support that ruling, I grant the appeal, dismiss the petition, order Lopez's release, and deny as moot his motion for a jury trial.

**Background**

Lopez's emergency appeal of the magistrate judge's probable-cause determination contains a two-sentence discussion of the source of the district court's appellate jurisdiction. He cites generally to the Federal Magistrates Act, 28 U.S.C. § 636, and asserts that "decisions by a magistrate judge can be reconsidered by the Court where they are 'clearly erroneous or contrary to law,'" relying on 28 U.S.C. 636(b)(1)(A) and this court's reiteration of that statute in local rule IB 3-1.[4] But those provisions authorize district judges to review only pretrial matters that are specifically referred to a magistrate judge, and this post-judgment probable-cause finding was made under Federal Rule of Criminal Procedure 32.1, not based on a referral. So I ordered expedited supplemental briefing on the narrow question of whether I have the power to review that determination.[5]

In his supplemental brief, Lopez regurgitates his § 636(b)(1)(A) argument, urges me to follow the Fifth Circuit's ruling in *United States v. Brigham* that district courts retain the authority to review magistrate judges' probable-cause determinations under Rule 32.1, and adds that due process compels that result.[6] The government responds that Lopez's bald reliance on § 636(b)(1)(A) is unsupported, *Brigham* was wrongly decided, and Lopez's catch-all due-process argument fails to carry the day.

[4] ECF No. 67 at 5.

[5] ECF No. 75.

[6] ECF No. 76.

## Analysis

**A. The Federal Magistrates Act does not give the district court the power to review a magistrate judge's probable-cause determination on a supervised-release-revocation petition.**

Lopez's argument that § 636(b)(1)(A) of the Federal Magistrates Act authorizes this court's review of the magistrate judge's probable-cause determination is not merely unsupported by authority in his filing,[7] it is plainly wrong. That subsection authorizes a district judge to "reconsider any pretrial matter" that the district judge "designate[s] a magistrate judge to hear and determine."[8] But a preliminary hearing on a supervised-release-revocation petition is not a "pretrial matter"; it's a post-judgment one. Nor is it a matter referred to a magistrate judge by designation. A magistrate judge's authority to make a probable-cause determination on a petition for revocation of supervised release derives from Federal Rule of Criminal Procedure 32.1(b)(1), which states, "[i]f a person is in custody for violating a condition of . . . supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred."[9] Because such determinations are delegated to magistrate judges by federal rule and not by referral from a district judge, § 636(b)(1)(A) does not apply to them.[10]

---

[7] ECF No. 76 at 2–3 (offering no authorities for the proposition that § 636(b)(1)(A) "provides broad appellate rights to magistrate judge decisions" and specifically for this probable-cause determination).

[8] 28 U.S.C. § 636(b)(1)(A).

[9] Fed. R. Crim. P. 32.1(b)(1)(A). *See also United States v. Gutierrez-De La Rosa*, 426 F. Supp. 3d 722, 726 (E.D. Wash. 2019) (holding that "the magistrate judge's determinations on probable cause following a preliminary hearing [on a supervised-release violation] likely are not appealable under 28 U.S.C. § 636(b)(1)(A) because the magistrate judge's authority comes from Rule 32.1 rather than being delegated by district judges pursuant to section 636").

[10] Although a handful of courts have found magistrate judges' probable-cause determinations at preliminary hearings appealable under § 636(b), most did so by applying one of its review procedures in a perfunctory way. *See, e.g.*, *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir.

A magistrate judge's jurisdiction to make probable-cause determinations in supervised-release-revocation proceedings falls instead under § 636(a)(1) of the Act, which confers on magistrate judges all powers given to them "by the Rules of Criminal Procedure for the United States District Courts."[11] And while the Act expressly grants district courts the power to review magistrate judges' decisions on matters referred under §§ 636(b)(1)(A) & (B), it grants no similar power to review magistrate judges' decisions rendered under § 636(a)(1). As a district judge in the Northern District of Illinois put it last year, "Congress does not appear to have provided anywhere that any decision by a magistrate judge under Section 636(a)(1) is reviewable by a district court."[12] Nor does the Act prescribe a standard of review for such decisions. Given that the other sections of this statute expressly establish distinct review processes and standards,

---

2001) ("The rule granting authority to the magistrate court to hold a probable cause hearing in the revocation context evinces that the magistrate's determination is a preliminary trial matter for the district court to review under the clearly erroneous standard."); *United States v. Steele*, 2020 WL 4726704 (W.D. Wash. Aug. 13, 2020) ("Although the government asserts that there is no statutory or rule-based 'right to appeal' a magistrate judge's probable cause finding, it concedes that the Court may, in its discretion, exercise its 'general supervisory authority to review the decisions of a federal magistrate judge acting pursuant to 28 U.S.C. § 636(b).' The Court will exercise its discretion to review [the magistrate judge's] probable cause finding and will consider the merits of defendants' motion.").

[11] 28 U.S.C. § 636(a)(1); *see also In re Anthony Marano Co.*, 647 F. Supp. 3d 643, 654 (N.D. Ill. 2022) ("[R]elying on Rule 32.1(b)(1) as the source of the magistrate judge's jurisdiction [i]s another way of saying that the jurisdictional basis [i]s Section 636(a)(1)."); *accord United States v. Alatorre*, 2019 WL 1004593, *2 (D. Minn. Mar. 1, 2019) ("The magistrate judge's authority to conduct preliminary hearings arises under 28 U.S.C. § 636(a)(1)," which does not "provide for any review by the district court."); *see also United States v. Information Associated with Email Account*, 449 F. Supp. 3d 469 (E.D. Penn. March 27, 2020) ("[W]hen a magistrate [judge] exercises authority under Subsection 636(a)[,] he or she is the court of first resort—in other words is acting without the need for designation or referral by a district judge—in proceeding under any matter pursuant to Subsection 636(b), their authority stems from such a designation or referral.").

[12] *In re Anthony Marano Co.*, 647 F. Supp. 3d at 656.

it is fair to assume that this legislative silence was intentional.[13] And "to the extent that district courts . . . have analyzed . . . whether district-court appeals may be brought from magistrate judges' decisions rendered under Section 636(a)(1) jurisdiction, the weight of the available authority is against the notion that jurisdiction exists for such appeals."[14] So I find that no provision of 28 U.S.C. § 636 authorizes this court to review the magistrate judge's probable-cause finding for Lopez's supervised-release violation.

**B. This court's jurisdiction to review the magistrate judge's probable-cause determination derives instead from its plenary responsibility over pending cases.**

Although the Federal Magistrates Act does not provide an avenue for a district judge to review a magistrate judge's probable-cause determination on a supervised-release violation, the Supreme Court's longstanding recognition that district judges retain jurisdiction over all aspects of a case does. The Fifth Circuit relied on that source of power to hold in *United States v. Brigham* that the district court has the authority to review a magistrate judge's order dismissing a supervised-release-revocation petition for want of probable cause during a preliminary hearing.[15] The *Brigham* holding is consistent with the Ninth Circuit's broad recognition that, when

---

[13] *See, e.g., Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 341 (2005) ("We do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest."); *see also Information Associated with Email Account*, 449 F. Supp. 3d at 474 (noting that "Section 636(a)(1) is unique within the statute in its lack of a mechanism for review or expressed standard of review" and concluding that "Congress's failure to include a standard of review or right of appeal for § 636(a)(1) indicates it did not intend to provide such a mechanism").

[14] *In re Anthony Marano Co.*, 647 F. Supp. 3d at 654 (cleaned up).

[15] *United States v. Brigham*, 569 F. 3d 220, 228–29 (5th Cir. 2009) (concluding that, "unless district judge review of a magistrate judge's dismissal order under Rule 32.1 is available, . . . Congressional grant of authority to magistrate judges relative to probable-cause determinations presents constitutional problems").

magistrate judges are assigned Article III powers, "Article III judges retain[] continuing plenary responsibility for the administration of the judicial business of the United States."[16] Plus, the Advisory Committee Notes from the 2002 amendments to Rule 32.1, which "completely revised and expanded" the rule and expressly tasked magistrate judges with preliminary hearings in supervised-release-revocation proceedings, recount that "the terms 'magistrate judge' and 'court' are used to reflect that, in revocation cases, initial proceedings . . . will normally be conducted before a magistrate judge, although a district judge may also conduct them."[17] So even the drafters of Rule 32.1 did not intend to completely exclude district judges from these preliminary determinations.

I thus find that the district court's plenary authority permits my review of the magistrate judge's probable-cause determination here. So I need not and do not reach Lopez's remaining bases for jurisdiction.

**C. The probable-cause determination is unsupported by the record.**

The revocation petition alleges that Lopez violated the condition that he "shall not commit another federal, state, or local crime" when he was "arrested . . . on an outstanding warrant" charging him with "Assault Constituting Domestic Violence, with Use of a Deadly Weapon, a felony, in violation of Nevada Revised Statute (NRS) 200.471B, and Domestic

---

[16] *Branch v. Umphenour*, 936 F.3d 994, 1001 (9th Cir. 2019); *United States v. Al-Nouri*, 983 F.3d 1096, 1098–99 (9th Cir. 2020) (finding that the circuit court lacked jurisdiction over defendant's direct appeal from magistrate judge's detention order and that the proper course was review by the district court or a petition for writ of habeas corpus); *see also Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 544 (9th Cir. 1984) ("If the essential, constitutional role of the judiciary is to be maintained, there must be both the appearance and the reality of control by Article III judges over the interpretation, declaration, and application of federal law.").

[17] Fed. R. Crim. P. 32.1 (Adv. Comm. Notes 2002 Amend.) (cleaned up).

Battery, a misdemeanor, in violation of NRS 200.485.1 a" on November 16, 2023.[18] Those charges, as the petition explains, stem from an incident six months before that arrest, in which it is alleged that "Lopez punched his girlfriend about her face and head; he then broke a folding tray as he beat her with it. Lopez also threatened her with a knife."[19] The state-court case, the petition explains, "was submitted for prosecution by police on July 10, 2023."[20] I issued a warrant to bring Lopez over from state court to address that petition.[21]

Lopez did not waive his right to a preliminary hearing on this supervised-release violation, so the magistrate judge conducted it on December 14, 2023. The only evidence that the government presented to establish probable cause to believe that Lopez committed a crime, thus violating his shall-not-commit-another-crime condition, was the testimony of Lopez's probation officer. Her knowledge of these alleged crimes was based solely on what she gleaned from the police report, which she learned about when the probation office's computer system identified "a change in his criminal history" and "showed that there had been a warrant issued."[22]

The supervising officer's testimony about that report prompted a confrontation-clause objection by defense counsel, which led to extended argument.[23] The magistrate judge overruled the objection and permitted the supervising officer's testimony to proceed but—perhaps because of confusion from that interruption—government counsel ultimately elicited almost no evidence

---

[18] ECF No. 56 at 2 (cleaned up).

[19] *Id*. at 3.

[20] *Id*.

[21] ECF No. 57. That petition contained far more information about the alleged crimes than was elicited at the preliminary hearing, thus establishing probable cause. *Compare* ECF No. 57 (petition) *with* ECF No. 72 (transcript of hearing).

[22] ECF No. 72 at 8:1–24; *id*. at 22–23.

[23] *Id*. at 9–22.

about the alleged crimes. No documentary evidence was introduced—not the police report, no printout from probation's system that alerted the officer to Lopez's arrest, not the affidavit in support of the warrant, and nothing from the state case. The supervising officer didn't read from the police report or recount a single detail of the alleged beating or resulting injuries. And although government counsel showed her the criminal complaint for the state-court case and her petition in this case to refresh her memory, the only details the probation officer provided from those documents were entirely procedural.[24] The closest she came to testifying about the facts of the alleged crimes was this superficial exchange:

> Q. So why did the police get called to Mr. Lopez's residence that night?
>
> A. According to the police report that I read, his girlfriend—I don't know if that's how he identifies her—had called 911 stating that there—she was a victim of an assault, and the police responded and took her statement.
>
> Q. Okay. Who assaulted her?
>
> A. That Raul did, Mr. Lopez.[25]

On cross examination, the probation officer acknowledged that the state-court prosecution had been dismissed.[26] Even the magistrate judge perceived the paucity of evidence when articulating his ruling, but he held Lopez over anyway:

> So let's see. So based on the witness testimony, there was no evidence actually presented, just some refreshing recollection, I find that there is probable cause to believe the violation occurred in the—alleged in the petition occurred and the defendant committed them. So defendant's remanded to custody, and I think that's it. Thank you.[27]

---

[24] *Id*. at 6–7, 25.

[25] *Id*. at 22–23.

[26] *Id*. at 30–31.

[27] *Id*. at 31.

Probable cause exists if the totality of the circumstances "suggest[s] a fair probability that the suspect has committed a crime." [28] Here, the probation officer's testimony established that Lopez's girlfriend alleged "she was a victim of an assault" in May[29] and that Lopez was arrested six months later on charges of felony assault and misdemeanor battery that have since been dismissed.[30] At best, this showed that Lopez was accused of something that either his girlfriend or the reporting officer characterized as an assault but which wasn't enough to make the state charges stick. With zero factual details of this alleged assault, however, this record could not establish a fair probability that Lopez committed either of the crimes identified in the supervised-release-revocation petition. And with probable cause lacking, the petition must be dismissed under Rule 32.1(b)(1)(C).[31]

**Conclusion**

IT IS THEREFORE ORDERED that the defendant's appeal of the probable-cause determination **[ECF No. 67] is GRANTED.** All pending petitions for revocation of supervised release in this case **[ECF No. 51, 52, 54, 56] are DISMISSED** without prejudice, **the**

---

[28] *See United States v. Vargas-Amaya*, 389 F.3d 901, 907 (9th Cir. 2004) (noting that probable-cause standard for supervised-release proceedings is that "required by the Fourth Amendment"); *see also Hill v. City of Fountain Valley*, 70 F.4th 507, 515 (9th Cir. 2023) (citing *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006)) (under the Fourth Amendment, probable cause exists if the totality of the circumstances "suggest[s] a fair probability that the suspect has committed a crime").

[29] ECF No. 72 at 23.

[30] *Id*. at 7, 31.

[31] This dismissal is without prejudice to probation's ability to file a new petition based on the same alleged violations during the term of supervision, with a second opportunity to establish probable cause at a preliminary hearing on the new petition. And because I grant the appeal because the record evidences a lack of probable cause, I do not address Lopez's other basis for challenging the magistrate judge's ruling.

**January 9, 2024, revocation hearing is VACATED**, and defendant's motion for jury trial on the supervised-release petition **[ECF No. 71] is DENIED** as moot.

IT IS FURTHER ORDERED that **the Order of Detention [ECF No. 65] is VACATED. Raul Lopez is directed to be released forthwith** and continued on any current terms of supervision.

U.S. District Judge Jennifer A. Dorsey
January 8, 2024